311-0020. People have been stated on my affidavit by Jessica Forcier v. Edgar Cameron, appellant by Jessica Fortier. Ms. Fortier? May it please the Court? Counsel? My name is Jessica Fortier. I'm from the Office of the State Appellant Defender, and I represent the appellant in this case, Edgar Cameron. As I'm preparing to discuss all of the issues raised in the brief, Your Honors, I would like to focus my arguments today on issues 1, 2, and 4. The first and most egregious error concerns the trial court statements that demonstrated he shifted the burden of proof onto Cameron. As Your Honors are aware, Edgar Cameron was found guilty of a Class 4 theft of a driver's license and a Class 1 unlawful possession of ammunition by a felon. In finding Cameron guilty, the court clearly stated that he believed, quote, the State is not required to present proof that the ammunition belongs to someone else or to Mr. Cameron. Instead, the court asserted, quote, at the very least, it's up to Mr. Cameron to come forward with evidence beyond his own testimony to demonstrate that the ammunition belongs to someone other than himself, end quote. The court went on then to find everything Cameron said may have been entirely true, but it's up to him. It's up to him to come forward with some evidence to corroborate what he said was true, end quote. Although the court did properly state that the State had the burden to prove beyond a reasonable doubt, immediately after stating that, the court erroneously said, the testimony of Mr. Cameron raises a doubt, but it's not reasonable under the circumstances. The State's case may have been rebutted had Mr. Bone and Mr. Kamak come into court and testified on his behalf, end quote. We believe, Your Honor, these statements clearly show that the court erroneously shifted the burden onto the defendant and requiring the defendant to rebut the State's case and to provide more evidence of his innocence besides his own testimony. This case is very similar to People v. Divine, where the trial court in that case also made comments regarding the fact that the defendant did not support his theory of defense to prove his innocence, and that he failed to rebut the State's case, almost exactly like the situation we have here in this case. Therefore, we argue that this court should reverse his convictions. The State relies on Bradley v. Howering. However, those are distinguishable from this case, whereas both of those, the court's statements, really was a matter of weighing the evidence and determining which side was more credible, whether the State's witnesses were credible versus the defendant's witnesses. In this case, the court did not do that. He spent the majority of his time focusing on the lack of the evidence that Cameron presented to prove his innocence, instead of focusing on the actual affirmative evidence the State presented. The fact that Cameron presented any evidence whatsoever in no way justified shifting the burden of proof onto himself. It remained throughout the trial with the State, and because this record demonstrates the trial court erroneously shifted the burden onto Cameron and thereby violated his constitutional rights due process, we argue that the court should reverse his convictions and remand him for a new trial. If your honors have no questions on the first issue, I'd move on to the second. The second issue we raised was the State failed to prove Cameron guilty beyond a reasonable doubt of theft in this case. There was no evidence that he knowingly obtained control over the driver's license. There was no evidence that he knew it was stolen, or circumstances were not such that he should reasonably induce him to believe they were stolen. And there was no evidence that he intended to permanently deprive Lief and McKee of the driver's license. As your honors are aware, a defendant cannot be convicted of theft based on possession of recently stolen property. We argue in this case that's exactly what he was convicted on. Solely on the fact that he possessed this previously stolen driver's license. It was in his vehicle when he was pulled over. The evidence the State points to that shows that he did commit the theft was laughably thin. The evidence was that there was a white car with chipped paint in the parking lot where the purse was stolen from. But there's no identification that this was Cameron's vehicle. There's no description of the license plate number. There was no ID that Cameron was actually there at the Farm King that night, anywhere near her car or in the store itself. There was some evidence that Officer Ritter testified that someone saw a large black man. However, that's not specific enough to identify our client. There's no description besides a large black man. With that supposed identification, there was no testimony about what that person actually saw this large black man doing at the Farm King. If you look at what the court found in finding him guilty for theft, the only evidence he pointed to was the fact the license was found in his vehicle. As your honors are aware, that is not enough to find guilt of theft. In this case, maybe it would be more appropriate to have charged possession of recently stolen property, but that was not charged here. It was theft of the driver's license. Because the state failed to prove that all of the elements of theft, that he knowingly obtained the license, that he knew it was stolen, and that he intended to permanently deprive her of the license, we argue your honors should reverse the conviction of theft. If your honors have no question on that issue, I'd like to move on to issue four. The last issue I'd like to argue for your honors is the fact that the imposition of the consecutive sentences here for the incident offenses of theft of a driver's license and possession of ammunition was improper. As your honors are aware, the Illinois Supreme Court has repeatedly held that where consecutive sentences are imposed, and it's discretionary, not mandatory, it should be used very sparingly. In this case, the only basis the court had to impose consecutive sentences would be if the court found there was a need to protect the public from this defendant, and he would need to articulate that basis on the record. Neither of those things are here. The mere fact that the court imposed consecutive sentences does not in itself warrant a conclusion by your honors that it was necessary to protect the public. In this case, his offenses, as I've stated, were a mere class four theft for driver's license and class one possession of ammunition by a felon. The court, when sentencing him to the consecutive sentences, merely stated that these were separate offenses, therefore he felt it was appropriate to impose consecutive sentences. That is not a basis to impose consecutive sentences, and we argue it was an error for him to do so. The only case that I could find where the court, an appellate court, has upheld consecutive sentences in a situation similar to this, even though the trial court did not put on the record why there was a need to protect the public, was in People v. Hicks, a Supreme Court case where the Supreme Court found, despite the fact the trial court did not put on the record the need to protect the public, they looked at his record and found that there was a clear showing of a need to protect the public in this defendant where he had repeatedly raped and beaten and burnt and cut a nine-year-old girl. Not only that, but his psychological evaluation showed that he had a marked potential for future criminal behavior if he did not receive long-term intensive treatment. That is not at all the case here. The case here was a 25-year-old man who, yes, he did have priors in his past. However, eight of the 14 convictions that the state points to were actually traffic violations for failure to wear a seatbelt, for failure to slow down for emergency vehicle. He did have six actual criminal convictions, which the state points out, burglary, unlawful use of a weapon, PCS. But, however, two of those were when he was a juvenile. So really, we have four adult convictions in his past. This case is more similar to People v. Berry, where the trial court made mere statements that it was necessary to protect the public without support on the record. And on appeal, the court looked to the actual offenses and the situation of his offenses, which were voluntary manslaughter and a Class III theft. The court then looked to his priors and his history, and he had a prior for theft, armed robbery, and two delivery-controlled substances. And the court found in that case there was no need to protect the public from the defendant, and they overturned his consecutive sentences and ordered concurrent sentences. We argue, Your Honors, that's what this court should do in this case. Consecutive sentences were not at all necessary in this case to protect the public, and instead he should have received concurrent sentences. So the remedy you're requesting is that we modify the sentence, not that we vacate the sentence and remand for a new sentencing hearing? Correct, Your Honors. I would argue that you have the power here to overturn the consecutive sentences, and based on the record, the fact the court did not articulate the need and the fact that there is no support for a need to protect the public from this defendant, that Your Honors would have the power to impose concurrent sentences. Is that the way the other cases treat the issue? The other appellate courts modify and don't remand? Yes, they do, and because the sentencing statute, the default is concurrent. That's what the default should always go to is concurrent sentences, unless the trial court finds a specific need to protect the public and impose consecutive sentences. So therefore, the previous appellate cases who have looked at this issue and determined whether or not the court presented enough support for the basis to protect the public or the record had any support, when they found that it did not, as in this case, they overturned the sentences and imposed a concurrent sentence. Thank you. If there are no further questions, I'll conclude. In conclusion, due to the very serious errors that occurred in Cameron's case, we request a reversal of both convictions, a remand for a new trial on the sole offense of possession of ammunition by a felon, or at the very least, we request this court to overturn the consecutive sentences and impose concurrent. Thank you, Your Honors. Mr. Nicolosi, when you're ready. Good morning, Your Honors. May it please the court, may it please counsel. I will also be discussing the arguments, the issues 1, 2, and 4 discussed by counsel. On the first issue, Your Honors, the people submit that the charges did not shift the burden of proof onto the defendant. The defendant cites People v. Divine, and the people rely on Howery and Bradley. And the people would submit that the comments that Childred has made in those three cases and the instant case are actually quite similar, and they share a lot. And the fact is, the one binding case in this group is Howery. It's a 1997 Supreme Court case. And the people would submit that the language from Howery and also the language from Bradley by the reviewing courts in those cases explain the trial judge's comments in those cases, and they're useful here, relevant and useful in explaining the trial judge's comments in this case. For example, I'm not going to go over the specific comments in Howery and Bradley and Divine. Those are discussed in the brief quite thoroughly. They're comments made by the trial judges below. But the comments made by the Supreme Court in Howery, they explain the trial judge's comments that they merely showed that the trial judge considered and rejected the defendant's reasonable doubt defense. The court in Howery also said that the trial judge, in his comments, he was making a, quote, marked effort to try and support the defendant's theories rather than just dismiss them as incredible. Well, the people would submit that the trial judge in this case did the same thing. He heard the defendant's testimony, and in his explanation, he explained why he didn't believe the defendant was credible. And it was because there was, his story was not believable that he has other people drive his car. That was basically what he said. That was basically his defense. And the fact is that it is incredible because, I'll get to this in more in Issue 2 when we discuss all the facts. But the fact is that it's not reasonable to say that your friends Bone and Kenny Mack drive your car. And then they asked, well, what are the real names? And he doesn't even know the real names, but yet they drive his car. That's unreasonable. And that's just, those are the sort of things that the judge was commenting on. Just like the judge in Howery and the Supreme Court in Howery justified those by saying he was just rejecting his defense, making an effort, not finding anything. That's what the trial judge was doing. And the people would submit that Howery, and the language in Bradley is good, too, for explaining the trial judge's comments in that case. But that court said, that was a First District case, said the trial judge was merely explaining his reasons for resolving the conflicting testimony. That's what the trial judge was doing here. Bradley Court also said that the comments indicated that the defendant's testimony wasn't sufficiently credible. Well, that's clearly what's happening here. So the people would submit that this court should follow Howery and Bradley and not the reasoning followed in Devine. Moving on to issue two. Are there any questions by the court? No? Moving on to issue two, the people submit that this evidence was sufficient to prove the defendant guilty of stealing the driver's license. There was a little bit of conflict in our briefs about the standard of review. And, of course, this is not a question of law. This is a question of fact. The standard of review is whether any rational trier of fact could have found the essential evidence. And the people submit that any rational trier of fact could have in this case because there was strong circumstantial evidence. The fact is that the vehicle that Letha McKee, the victim in this case, saw at the Farm King was a white paint-chipped car. And the description of that vehicle was given to officers, and lo and behold, they stopped the defendant driving this car. Clearly, this car was distinctive enough where the victim remembered it, gave the description to the officers, they stopped that car. Clearly, it's stronger than the defense might lead you to believe. And I mentioned in my brief that what ties all of these facts together is that the driver's license of Letha McKee was found during a lawful search of this vehicle. And it's the defendant's car. He's driving it. And the people submit that this circumstantial evidence is strong enough to convict. And, again, the standard of review is whether any rational trier of fact could have found it. And the people submit that finding the license ties the facts together, and that was sufficient. Moving on to issue number four, whether or not consecutive sentences were proper. The people do agree with this court that the remedy, if in the event it finds that the trial judge did not make the proper findings, that the proper remedy is to remand for resentencing and finding out if consecutive sentences were proper. They should give the trial judge an opportunity to specifically maybe use the language from the cases whether or not the protection of the public is required. Do the people think that that is... Another bite at the apple, basically, for the trial court. I'm sorry, Your Honor. Another bite at the apple for the trial court to... Well, I think it's always good to decide things on the merits. And if Your Honors don't believe that he discussed what he needed to discuss and used the language that he needed to use, that it would be proper to give him... I don't want to say another chance, but if this was what he was intended, I think he should have the chance to explicitly say that this is what he intended. Although, Your Honors, the people would submit that the record... It can be gleaned from the record that the protection of the public was the reason for his issuing consecutive sentences. He discussed the defendant's lengthy criminal history, as the defense counsel pointed out, and the trial judge used language such as this is really serious history and that this is his third offense for weapons and bullets offenses. People submit that that language goes to certainly a need to protect the public. Of course, the trial judge did not use the specific language mentioned in 730 ILCS 5-8-4C, but the case of Spann, this court's Spann case, basically said that the record must show that consecutive sentences were motivated by that belief. And the people submit that there was sufficient evidence. I find it curious that in Issue 3... I'm sorry, Issue 4. But in Issue 3, the defendant is asking for a remand on the restitution issue, which is a sentencing issue, but they want us to modify the sentence on the consecutive terms. So I'm just curious about your position on these divergent remedies they request. Can we split the baby like that? Sure. No. Well, I noticed one thing in her brief that I didn't comment on in my brief. That was just an oversight about calculating the proper amount. And she did cite a case, I believe it was Guajardo or something to that effect, that said that that issue can't be waived, even though they didn't object to it. It can't be waived. The calculation of the restitution can't be waived. The people would submit, and I apologize for not addressing this in my brief, that that would be the proper remedy. To remand for new restitution. For new calculation of restitution. Although, on that issue, that the people submit that the... Yeah, the people would submit that. That was proper. And this case has to be remanded for Issue 6 anyway. And that's part of the recalculation of the VCBA and the credit against fines for time served. So I would agree with you, Your Honor, that if one is going to be recalculated, then the other should be not recalculated. That's not the right word for the consecutive sentence, but... Give him a chance to... The trial judge a chance to more eloquently explain why he sentenced the defendant as he did. With that, I have nothing further. If there are any questions, I'd be happy to entertain them. Thank you. Thank you. Your Honor, I'd first like to start with your last question regarding Issue 3 and Issue 4. The reason why we are requesting a remand back for the recalculation of what restitution should have been is because at this stage, Your Honors are unable to calculate what the restitution should have been because there was nothing on the record to show how much the items actually cost her, how much her out-of-pocket expenses cost her to replace. There was a mere, just, oh, I think it cost $200 to replace these items. But there was no specific fine as to what each item cost and how they came up to that $200. Therefore, Your Honors would not be able to come up with an actual fair restitution amount because it's not on the record. However, with the consecutive sentences, we do have a clear record here that shows there is absolutely no need to protect the public from this defendant. Therefore, that's why I would argue Your Honors could overturn the consecutive and impose a concurrent, and yet still send it back to the court to figure out exactly how much restitution, if any, the defendant would owe to Letha McKee. And I'd also like to respond to a couple of points pointed out by the State in the previous issues. For Issue 1, the State argues that Your Honors should look for Howery for guidance here instead of people being divine. However, with Howery, the court did point out several times that the trial court was merely weighing the evidence. And he cited to you a lot of the affirmative evidence the State presented as to why he was finding the defendant guilty. In this case, the court did not do that. He spent the majority of his time almost to the exclusion of everything else focusing on the lack of evidence presented by the defendant, which clearly shows he was shifting the burden onto the defendant to present evidence of his innocence instead of requiring the State to prove his guilt beyond a reasonable doubt. Also, the evidence that the State points out that shows Cameron stole this license or the purse was the fact that a white car was seen at the parking lot with chipped paint, and it was so similar to his. However, even if our client was at the Farm King that day and that was his car, which we dispute that it even was, even if it was his car, that does not prove that he is the one who stole that purse from her car. As far as Issue 2 with not proving Cameron guilty beyond a reasonable doubt of theft, the State points out that we have a differing opinion on the standard of review here, and I do agree that for a long sense it has been whether reviewing the case most favorable to the State, the jury could conclude beyond a reasonable doubt he was proved guilty. However, in a couple of recent Supreme Court cases, as we cited in our brief, the Supreme Court now has decided where the defendant challenges the sufficiency of the evidence against him and does not question the credibility of the witnesses, but instead questions whether the uncontested facts were sufficient to prove the elements of the crime, the review would be de novo. So that's what we were arguing. However, even under the standard of viewing the light most favorable to the State, we would argue that the State did not prove beyond a reasonable doubt the guilt of theft because they did not meet all the elements of theft beyond a reasonable doubt. If there are no further questions, Your Honor, we'd ask that Your Honors reverse both convictions, remand for a new trial in the sole offense of possession of ammunition, or at the very least overturn his consecutive sentences and impose concurrent. Thank you. Thank you. We will be taking the matter under advisement, and there will be a very brief recess now for a panel take.